O

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 14-0516-DOC (ANx)          Date: September 3, 2014

Title: UNITED STATES FOR THE USE AND BENEFIT OF ABUKAR ABDULLAHI RABUKA d/b/a RABUKA FIRE PROTECTION, et al. v. RMA LAND CONSTRUCTION, INC., et al.

PRESENT:      THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

PROCEEDINGS (IN CHAMBERS):    ORDER GRANTING DEFAULT JUDGMENT [22]

Before the Court is Plaintiffs' Motion for Default Judgment ("Motion" or "Mot.") (Dkt. 22). After reviewing the Motion, the Court GRANTS IN PART and DENIES IN PART the Motion.

I. BACKGROUND

A. Facts

Sometime prior to March 2013, Defendant RMA Land Construction ("RMA") contracted with the United States Navy division NAVFAC SOUTHWEST, Coast IPT/Code ROPMA, Naval Station San Diego ("USN") to work on a construction project to renovate several buildings on a naval base in Ventura County, California ("Prime Contract" for the "Project"). Compl. (Dkt. 1) ¶ 12. Previously, on July 11, 2012, RMA had obtained a Miller Act payment bond (the "Bond") from Defendant Edmund Scarborough ("Scarborough") in the amount of $9,209,700, as required by the government. "In the Bond, Scarborough agreed to be bound jointly and severally with RMA to make payment to all persons having a direct contractual relationship with RMA or to any subcontractor of RMA who furnished labor, material or both in the prosecution

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 14-0516-DOC (ANx)                                Date: September 3, 2014

Page 2

of the work provided for in the Prime Contract in the event that RMA failed to make prompt payment to such persons." *Id.* ¶ 13.

On or about March 29, 2013, Plaintiffs ("RFP") entered into a written subcontract with RMA to provide fire protection systems and wet pipe fire sprinklers in the Project pursuant to Prime Contract and Project specifications. *Id.* ¶ 14. Under the Subcontract, RMA was entitled to withhold 10% of the total value of RFP's labor, materials, and services as "retention," to be paid to RFP when RFP's work under the Subcontract was completed. The Subcontract also contained a provision under which the prevailing party in any dispute would be entitled to attorneys' fees and costs. *Id.* ¶ 15.

RFP completed its work in full compliance with the Subcontract on or about October 15, 2013. *Id.* ¶ 17. However, neither RMA nor Scarborough has yet paid RFP $19,025 due under the Subcontract as retention, despite attempts by RFP to collect payment. *Id.* ¶¶ 18-19.

### B. Procedural History

RFP filed suit against Defendants in this Court on April 3, 2014. Compl. Neither Defendant has appeared in this case. RFP filed the present Motion for Default Judgment on July 22, 2014.

## II. LEGAL STANDARD

The decision to grant or deny a motion for default judgment is within the district court's discretion. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). After the clerk enters a default against the defendant, the factual allegations of the complaint, except those relating to damages, are taken as true, except allegations concerning the amount of damages. Fed. R. Civ. P. 8(b)(6); *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). However, "necessary facts not contained in the pleading, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992). The district court considers seven factors when deciding whether to grant the motion: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 14-0516-DOC (ANx)                           Date: September 3, 2014

Page 3

underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel*, 782 F.2d at 1471-72.

If a plaintiff seeks money damages, "[t]he plaintiff is required to provide evidence of its damages, and the damages sought must not be different in kind or amount from those set forth in the complaint. Fed. R. Civ. P. 54(c). When 'proving-up' damages, admissible evidence (including witness testimony) supporting . . . damage calculations is usually required." *Amini Innovation Corp. v. KTY Int'l Mktg.*, 768 F. Supp. 2d 1049, 1054 (C.D. Cal. 2011).

### III. ANALYSIS

#### A. *Eitel* Factors

The Court considers each *Eitel* factor in turn.

##### 1. Possibility of Prejudice to the Plaintiff

The first *Eitel* factor supports granting default judgment because Defendants have not appeared in this case. Plaintiffs have no other means to recover from Defendant, leaving Plaintiffs without a remedy absent default judgment. *See Landstar*, 725 F. Supp. 2d 916, 920 (C.D. Cal. 2010); *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1176 (C.D. Cal. 2002).

##### 2. & 3. The Merits of the Claims and Sufficiency of the Complaint

The second and third *Eitel* factors look to whether a plaintiff's complaint sufficiently states a claim for relief. *PepsiCo*, 238 F. Supp. 2d at 1175. These two factors require that a plaintiff "state a claim on which the [plaintiff] may recover." *Danning v. Lavine*, 575 F.2d 1386, 1388 (9th Cir. 1978). Judgment by default cannot be entered if the complaint fails to state a claim. *See Moore v. United Kingdom*, 384 F.3d 1079, 1090 (9th Cir. 2004). RFP seeks default judgment on two of its claims: (1) breach of written contract, against RMA; and (2) recovery against Miller Act Payment Bond, against Scarborough. Mot. ¶ 4.

Under California law, the essential elements of a breach of contract action are: "(1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3)

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 14-0516-DOC (ANx)                                 Date: September 3, 2014

Page 4

defendant's breach, and (4) the resulting damages to plaintiff." *Reichert v. Gen. Ins. Co. of Am.*, 68 Cal. 2d 822, 830 (1968). Here, the Complaint states that RFP and RMA entered into a written agreement for RFP to provide fire protection systems and wet pipe fire sprinklers for RMA's project under its Prime Contract with the government, that RFP fully performed its obligations under the Subcontract, and yet RMA failed to pay RFP the 10% retention payment that RMA had initially withheld pursuant to a provision of the contract. Thus, the Complaint adequately states a claim for breach of contract.

      The Miller Act, 40 U.S.C. §§ 3131-3134, governs surety bonds on federal construction projects that cost more than $100,000. Under the Miller Act, a contractor must post both a performance bond and a payment bond for the project. 40 U.S.C. § 3131. Under 40 U.S.C. § 3133, "[e]very person that has furnished labor or material in carrying out work" on a project covered by the Miller Act, "and that has not been paid in full within 90 days after the day on which the person did or performed the last of the labor" may bring suit on the payment bond for the amount still due. Here, the Complaint alleges that RMA obtained a Miller Act payment bond from Scarborough in the amount of $9,209,700 for RMA's Prime Contract with the government and that Scarborough agreed to be jointly and severally liable with RMA in the event that RMA failed to promptly pay its subcontractors. Compl. ¶ 13. The Complaint alleges that RFP worked on RMA's Project with the government by providing fire protection systems and wet pipe fire sprinklers. *Id.* ¶ 14. It also alleges that RFP completed its work on October 15, 2013, and was not paid the retention payment, representing 10% of the total value of RFP's labor, material, and services, within 90 days of that date. *Id.* ¶¶ 17-19. Thus, the Complaint adequately states a claim under the Miller Act.

      Therefore, the third factor is satisfied.

### 4.       The Sum of Money at Stake in the Action

      The fourth *Eitel* factor requires that the damages sought be "proportional to the harm caused by defendant's conduct." *Landstar*, 724 F. Supp. 2d at 921; *see also Joe Hand Promotions, Inc. v. Meola*, 2011 WL 2111802, at *4 (N.D. Cal. Apr. 22, 2011) (finding that the amount must not be disproportionate to the harm alleged). When the money at stake in the litigation is substantial or unreasonable, default judgment is discouraged. *Crosthwaite v. Brennan,* 2011 WL 589821, at *5 (N.D. Cal. Jan. 25, 2011). On the other hand, where the sum of money at issue is reasonably proportionate to the harm caused by the defendant's actions, then default judgment is warranted.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 14-0516-DOC (ANx)                               Date: September 3, 2014

                                                                              Page 5

*See Board of Trustees of Cal. Metal Trades v. Pitchometer Propeller,* 984 F. Supp. 978, 978 (N.D. Cal. 1997).

Here, Plaintiffs seek a total of $24,068.28. Plaintiffs have adequately pled and shown through evidence that Plaintiffs are due $19,025 principal due on the contract and attorney's fees. The only questionable amount of damages sought is $3,144.89 in penalties for failure to pay retention payment and a corresponding portion of the attorney's fees. *See infra.* However, these portions are not sufficient to make the total amount of damages sought disproportionate to the harm suffered. Thus, the fourth factor is met.

### 5. The Possibility of a Dispute Concerning the Material Facts

Where the plaintiff's complaint is well-pleaded and the defendant makes no effort to properly respond, the facts will likely be undisputed. *See Landstar*, 725 F. Supp. 2d at 921-22. Plaintiffs' claim is well-pleaded, and Defendants have not challenged its allegations with a proper answer or a motion challenging the sufficiency of the complaint. This factor weighs in favor of default judgment.

### 6. Whether the Default was Due to Excusable Neglect

The sixth *Eitel* factor favors default judgment when the defendant has been properly served or the plaintiff demonstrates that the defendant is aware of the lawsuit. *Id*. at 911. Here, Plaintiffs have properly served Defendants with the complaint as well as the motion for default judgment. Yet, neither Defendant has appeared in this case. Thus, Defendants' failure to appear is not due to excusable neglect and the sixth factor is met.

### B. Damages

#### 1. $19,025 Principal Due on Contract

Based on Plaintiffs' complaint and evidence provided with their Motion, the Court finds that Plaintiffs have adequately shown that, under the Subcontract, they are entitled to $19,025 principal due on the contract. *See* Declaration of Mohamed Lazrag in Support of Plaintiff's Application for Entry of Default Judgment by Court (Dkt. 24), Ex. C. Thus, the Court GRANTS Plaintiffs' request for $19,025 as principal due on the contract.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 14-0516-DOC (ANx)　　　　　　　　　　　　　　　　　　　　　Date: September 3, 2014

Page 6

### 2.　　　　Penalties Under California Civil Code § 8818(a)

Plaintiffs seek $3,144.89 in penalties for non-payment of the retention payment pursuant to California Civil Code § 8818(a). Under California Civil Code § 8814(a), "If a direct contractor has withheld a retention from one or more subcontractors, the direct contractor shall, within 10 days after receiving all or part of a retention payment, pay to each subcontractor from whom retention has been withheld that subcontractor's share of the payment." If the direct contractor violates § 8814(a), § 8818(a) makes the direct contractor liable for an additional penalty of 2% each month on the amount wrongfully withheld, in lieu of interest otherwise due.

Plaintiffs' Complaint contains no allegation that RMA received any retention payment. Without that allegation, Defendants were not on notice that they would be admitting to that fact and thus to a violation of § 8814 if they failed to contest the fact. Plaintiffs have submitted with this Motion a declaration by Bill Davis, which states that, on or about May 23, 2014, Mr. Davis heard from Tim Buchanan, a contract specialist for the United States Navy, that the Navy had released the withheld retention payment to RMA. Declaration of Bill Davis in Support of Plaintiff's Application for Entry of Default Judgment by Court (Dkt. 26) ¶ 4. The Court is aware that Federal Rule of Civil Procedure 55 generally contemplates that affidavits may be used to prove damages. *See* Fed. R. Civ. P. 55(b)(1). However, in this case, Mr. Davis's declaration is being used to prove a fact that was not alleged in the Complaint and which must be constructively admitted by Defendants before we reach the issue of damages. Moreover, proving damages usually requires admissible evidence and Mr. Buchanan's statement is inadmissible as hearsay. Accordingly, the Court DENIES Plaintiffs' request for § 8818(a) penalties.

### 3.　　　　Attorney's Fees

Plaintiffs also seek $1,928.39 in attorneys' fees based on California Civil Code §§ 1717 and 8818(b). Section 8818(b) entitles the prevailing party in any action to collect any amount wrongfully withheld under § 8814(a) to costs and reasonable attorney's fees. For the same reason that penalties are not appropriate under California Civil Code § 8818(a), attorney's fees are not available to Plaintiffs under § 8818(b).

However, attorney's fees are available under California Civil Code § 1717. Plaintiffs have adequately pled and shown that the Subcontract provided for the prevailing party in any dispute over the Subcontract to be awarded attorneys' fees and

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 14-0516-DOC (ANx)                                        Date: September 3, 2014

Page 7

costs. Compl. ¶ 15; Lazrag Decl., Ex. D. Under California Civil Code § 1717, when a contract has such a provision, the prevailing party is entitled to reasonable attorney's fees. Here, Plaintiffs are unquestionably the prevailing party. Under Local Rule 55-3, a reasonable attorney's fee for a $19,025 default judgment is $1,200 plus 6% of the amount over $10,000; here, $1,741.50. Thus, the Court GRANTS IN PART and DENIES IN PART Plaintiffs' request for attorney's fees and awards attorney's fees to Plaintiffs in the amount of $1,741.50.

## IV.     DISPOSITION

For the reasons discussed above, the Court GRANTS IN PART and DENIES IN PART the Motion for default judgment. The Court hereby:

1. GRANTS Plaintiffs' Motion for an Entry of Default Judgment.
2. GRANTS Plaintiffs' request for damages of $19,025 principal due on the contract.
3. DENIES Plaintiffs' request for $3,114.89 in penalties under California Civil Code § 8818(a).
4. GRANTS IN PART and DENIES IN PART Plaintiffs' request for attorney's fees. The Court awards attorney's fees to Plaintiffs in the amount of $1,741.50.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                                                             Initials of Deputy Clerk: jcb
CIVIL-GEN